## JOSEPH P. HILL *vs.* FOREST TURNER.

In an action for neglect to perform militia duty, if the time when the neglect occurred be erroneously stated in the writ, the error may be corrected by amendment.

The *record* of the roll is sufficient evidence of the enrollment.

If it be shown by the company roll, or by the record thereof, that the soldier had once been seasonably enrolled in the company, and that his name had been subsequently continued on the roll without date, it is sufficient.

Where the certificate of the surgeon respecting the bodily infirmity of a soldier, is given after the neglect charged, it can have no effect upon the case.

Whether the soldier charged with neglect of duty was an able bodied man and liable to be enrolled, is a question of fact to be decided by the magistrate; and his decision is conclusive, and cannot be revised in this court by writ of error.

THIS was a writ of error, brought to reverse a judgment of a justice of the peace, imposing a fine on *Hill*, the plaintiff in error, for neglecting to attend a militia training. In the declaration the day of the alleged neglect of duty was so illegibly written, that the justice found it difficult to determine, whether *eighth* or *eighteenth* was intended. He permitted an amendment to be made by writing eighteenth in the place of the word. To prove the enrollment, at the trial before the justice, the original plaintiff, *Turner*, offered the record of a company roll, upon which, under date of 1st *Tues-*

*day* of *May*, 1836, was found the name of *Hill*, and against it a mark usually placed there when the person was present at the time. This was the only evidence to prove that *Hill* was enrolled prior to the training when the neglect is alleged in this suit. This was objected to as insufficient, but the justice decided that the enrollment was duly proved. There was no date against subsequent enrollments of *Hill* in the same company. The other facts sufficiently appear in the opinion of the Court.

Besides the general error, there were assigned as errors:—

1. That *Hill* was never enrolled, the captain of the company having no roll to produce, and that neither he, nor any other commanding officer of the company, had ever enrolled the plaintiff in error.

2. That the original plaintiff had charged the neglect to have been on the eighth of *September*, when the proof of neglect, if any, was on the eighteenth, and the justice erroneously permitted an amendment of the declaration by making the writ read eighteenth, and thereby in effect making a new writ.

3. That the original defendant had a permanent lameness, and was not liable to perform military duty.

*J. S. Holmes*, for the plaintiff in error, argued in support of the errors assigned, and cited *Statute* 1834, *c.* 121 ; *Com.* v. *Hall*, 3 *Pick.* 262 ; *Sawtelle* v. *Davis*, 5 *Greenl.* 438 ; *Hill* v. *Fuller*, 14 *Maine R.* 121 ; *Howe* v. *Gregory*, 1 *Mass. R.* 81 ; *Com.* v. *Fitz*, 11 *Mass. R.* 540 ; *Pitts* v. *Weston*, 2 *Greenl.* 349 ; *Com.* v. *Bliss*, 9 *Mass. R.* 322 ; *Com.* v. *Smith*, 14 *Mass. R.* 374.

*C. A. Everett* argued for the plaintiff, and cited *Cutter* v. *Towle*, 3 *Greenl.* 38 ; *Hill* v. *Fuller*, 14 *Maine R.* 121.

The opinion of the Court was by

SHEPLEY J. — There was but one cause of action stated in the writ. The time when the neglect of duty occurred was erroneously alleged, and this error was allowed to be corrected. That did not introduce a new cause of action. It only reformed the statement of the one in suit. And the amendment was properly allowed.

It was decided in the case of *Potter* v. *Smith*, 2 *Fairf.* 31, that the record of the roll was evidence of the enrollment.

Milo *v.* Harmony.

When the enrollment is made a sufficient time before a soldier is called upon to do his duty, it is not necessary, that the date of his first enrollment should be stated upon every correction of the roll. When additional enrollments are made after the first *Tuesday* in *May* the time should be stated. The plaintiff in error having been enrolled in 1836 was a member of the company, and the date of his enrollment need not be proved. *Carter* v. *Carter*, 3 *Fairf.* 285.

The certificate of the surgeon respecting his bodily infirmities was given after the neglect charged, and it could have no effect upon the case. Whether he was an able bodied man and liable to be enrolled was a question of fact to be decided by the magistrate, and his decision was conclusive. It is not brought before this court for revision by a writ of error.

*Judgment affirmed with costs.*